**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **TRENTON LOWTHER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 4:26-cv-653-CDL-CHW** |
| | : | |
| **MUSCOGEE COUNTY JAIL,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## ORDER

Pending before the Court is a Complaint filed pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff Trenton Lowther, a prisoner in the Muscogee County Jail in Columbus, Georgia (ECF No. 1). Plaintiff also moved for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2). For the following reasons, Plaintiff must submit a proper and complete motion to proceed IFP and recast his Complaint on the Court's standard form if he wishes to proceed with this action.

### MOTION TO PROCEED IFP

Plaintiff first seeks leave to proceed without prepayment of the filing fee. The Court has reviewed Plaintiff's motion and finds it incomplete. A prisoner seeking to proceed IFP must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Plaintiff has not submitted a certified copy of his trust fund account information. Without this

information, the Court cannot determine whether Plaintiff is entitled to proceed IFP or calculate the average monthly deposits or the average monthly balance in Plaintiff's prison trust account as required by 28 U.S.C. § 1915(b)(1), which directs the district court to assess an initial partial filing fee when funds are available.  Plaintiff is thus **ORDERED** to either pay the Court's $405.00 filing fee in full or submit a complete and proper motion to proceed IFP within **FOURTEEN (14) DAYS** of the date of this Order.  Plaintiff's motion must include a certified copy of his trust fund account statement for the six months prior to the filing of the Complaint in this action.

## ORDER TO RECAST

Because Plaintiff is a prisoner, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915A, which requires the Court to review every complaint filed by a prisoner who "seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  The Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

Plaintiff's Complaint is largely illegible, but it appears his claims may arise from his incarceration at the Muscogee County Jail.  *See* ECF No. 1 at 5.  It is otherwise unclear what Plaintiff is trying to allege or which Defendants he intends to sue.  Plaintiff's Complaint is subject to dismissal for this reason.  *See, e.g., Scibelli v. Lebanon Cnty.*, 219 F. App'x 221, 222 (3d Cir. 2007) (affirming dismissal of complaint that was "exceptionally difficult to understand and in many instances [] either illegible or incomprehensible").

2

Because Plaintiff is acting *pro se*, the Court will give Plaintiff an opportunity to amend his pleading to address these deficiencies. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) ("When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it."). If Plaintiff wishes to pursue his claims, then Plaintiff is **ORDERED** to recast his Complaint on one of the Court's standard forms. When drafting his statement of claims on the Court's form, Plaintiff should list each Defendant he intends to sue in this action and then, beside each name, describe exactly (1) what each did, or did not do, to violate his constitutional rights and (2) what injury he suffered as a result of each defendant's actions. Plaintiff should ensure that he writes legibly; the Court cannot rule on what it cannot read.

**The recast complaint will supersede (take the place of) the original Complaint filed in this case (ECF No. 1). Plaintiff may include additional pages with the Court's standard form, but the recast complaint must be no longer than ten (10) pages in its entirety.** This ten-page limitation <u>includes</u> (and is not in addition to) the pre-printed pages of the Court's standard form. **The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim.** Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing.

**CONCLUSION**

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) either pay the $405.00 filing fee in full or provide the Court with a certified copy of his prison trust fund account information and (2) file a recast complaint in accordance with the instructions above. The Clerk is **DIRECTED** to provide Plaintiff copies of the appropriate forms, marked with the case number of this case, that Plaintiff should use for this purpose. Plaintiff must also notify the Court immediately, in writing, of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this action.** There shall be no service of process until further order.

SO ORDERED, this 22nd day of May, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge